UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Fundamental Long Term Care, Inc.          Case No. 8:11-Bk-22258-MGW
                                           Chapter 7 case
        Debtor.

_____/


BETH ANN SCHARRER, etc.,
et al.,

      Plaintiffs,

v.                                         CASE NO.  8:14-CV-1377-T-17

QUINTAIROS, PRIETO, WOOD &                 Adv. No. 8:13-ap-01176-MGW
BOYER, P.A., et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 1   Motion to Withdraw Reference
Dkt. 5   Response in Opposition

Defendant Fundamental Administrative Services, LLC ("FAS") moves for an immediate order withdrawing the reference of the "Malpractice Action" for all purposes.

On December 31, 2013, Beth Ann Scharrer, Chapter 7 Trustee, for herself and Trans Health Management, Inc. ("THMI"), filed an adversary complaint asserting state law claims for alleged legal malpractice and alleged breaches of fiduciary duty against various defendants, including FAS.

Case No. 8:14-CV-1377-T-17

Defendant FAS argues that: 1) the Malpractice Action is a non-core proceeding; 2) Plaintiff has demanded a jury trial, and FAS does not consent to a jury trial in Bankruptcy Court; 3) withdrawal of the reference will promote judicial efficiency and prevent delay; and 4) withdrawal of the reference will not encourage forum-shopping.

Plaintiffs respond that Defendant FAS' Motion to Withdraw Reference is premature and should be granted only for the purposes of jury trial and jury selection, with all pretrial matters to be handled by Bankruptcy Court. Plaintiffs contend that the Bankruptcy Court can efficiently manage all pretrial matters, and is the most logical forum.

The Court notes that the issue the Court must determine includes only permissive withdrawal, and not mandatory withdrawal.

I. Permissive Withdrawal

Permissive withdrawal is within the discretion of the District Court. See In re TPI Int'l Airways, 222 B.R. 663, 668 (S.D. Ga. 1998). The burden of establishing cause for permissive withdrawal is on the movant, Defendant FAS.

In determining whether a movant has established sufficient cause, the Court should consider the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. Control Center, L.L.C. v. Lauer, 288 B.R. 269, 274 (M.D. Fla. 2002). Other factors to be considered include: 1) whether the claim is core or non-core; 2) efficient use of judicial resources; 3) a jury demand; and 4) prevention of delay. Id. A demand for a jury trial in a non-core matter in itself may provide sufficient cause to withdraw the reference. In re Dreis & Krump Mfg. Co., 1995 WL 41416, *3 (N.D. Ill. 1/31/1995).

Case No. 8:14-CV-1377-T-17

A. Non-Core Proceeding

Ordinarily, the Court would first examine whether the adversary proceeding is a core or non-core proceeding. In re Ausburn, 2010 WL 5128332 (M.D. Fla. 12/10/2010)(a district court 'should first evaluate whether the claim is core or non-core,' because 'questions of efficiency and uniformity' depend largely on the character of the proceeding).

FAS argues that the Malpractice Action is a non-core proceeding, one "otherwise related" to the bankruptcy proceeding under 28 U.S.C. Sec. 157(c)(1). Plaintiffs concede that the Bankruptcy Court has only "related-to" jurisdiction over the Malpractice Action.

Whether a matter is core or non-core is a determination that should first be made by the Bankruptcy Court. In re Stone, 2010 WL 5069698 at *1 (M.D. Fla. 12/7/2010); 28 U.S.C. Sec. 157(b)(3). The Court is not aware that the Bankruptcy Court has made this determination; therefore the Court will not consider this factor in analyzing the propriety of withdrawal. See In re TPI Int'l Airways, 222 B.R. 663, 668 n. 3 (S.D. Ga. 1998).

B. Jury Trial

Plaintiffs requested a jury trial in the adversary proceeding. Since FAS does not consent to a jury trial in Bankruptcy Court, if the Malpractice Action proceeds to trial, the trial will be before the District Court. However, the jury demand in the Malpractice Action does not require an immediate withdrawal of the reference. See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 787-88 (9th Cir. 2007). The Bankruptcy Court may retain jurisdiction to determine all pretrial matters, from discovery to dispositive motions. Hvide Marine Towing, Inc. v. Kimbrell, 241 B.R. 841, 845 (M.D. Fla. 2000). Allowing the Bankruptcy Court to retain jurisdiction over

Case No. 8:14-CV-1377-T-17

pretrial matters does not abridge a party's Seventh Amendment right to a jury trial. Stein v. Miller, 158 B.R. 876, 879-80 (S.D. Fla. 1993).

C.  Judicial Economy and Preservation of Resources

As to the underlying bankruptcy case, the Court notes that the bankruptcy proceeding commenced in December, 2011 and there have been nine reported decisions by the Bankruptcy Court.  The involved history of this case shows that the Bankruptcy Court is already familiar with the facts; allowing the Bankruptcy Court to resolve all pretrial matters will promote uniformity in the bankruptcy administration, and will make efficient use of the Bankruptcy Court's expertise.  See Healthcentral.com, 504 F.3d at 787-88. Allowing all pretrial matters to be resolved in the same forum as the debtor's estate should also preserve the parties' resources.

D.  Forum Shopping

Defendant FAS argues that there is no concern over forum shopping as FAS has requested withdrawal of the reference from a court that does not have authority to enter a final judgment, to a court that does have such authority.

After consideration, the Court concludes that FAS has established cause for withdrawing the reference so that this Court can conduct a jury trial in this case; however, withdrawal of the reference at this time is not necessary.  Judicial resources, and the parties' resources, will be conserved by having the Bankruptcy Court address all pretrial matters in this case, from discovery through dispositive motions.  Accordingly, it is

**ORDERED** that FAS's Motion to Withdraw the Reference (Dkt. 1) is **granted in**

Case No. 8:14-CV-1377-T-17

**part to the extent that** the adversary proceeding reference is withdrawn only as to jury trial and jury selection; all pretrial matters shall be handled by the Bankruptcy Court. The Clerk of Court shall **administratively close** this case for an indefinite period of time.  **Defendant FAS shall file a motion to reopen** this case after the Bankruptcy Court has addressed all pretrial matters and the parties are ready for trial.  If the adversary proceeding is resolved without the need for a trial, **Defendant FAS** shall file a Notice to the Court informing the Court of the final resolution.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 25th day of June, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record