UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Fundamental Long Term Care, Inc.

       Debtor

CASE NO. 8:11-bk-22258-MGW
Chapter 7 case

_____

BETH ANN SCHARRER, etc., et al.,

       Plaintiffs,

v.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., et al.,

       Defendants.

CASE NO. 8:14-CV-1377-T-17

Adv. No. 8:13-ap-01176-MGW

_____/

ORDER

This cause is before the Court on:

Dkt. 9   Motion for Reconsideration
Dkt. 11  Joinder
Dkt. 14  Opposition

The Court previously granted in part and denied in part Defendants' Motion to Withdraw the Reference. (Dkt. 7). Defendants have moved for reconsideration; Plaintiffs oppose reconsideration.

I. Standard of Review

Case No. 8:14-CV-1377-T-17

of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

A. Related Litigation

1) Case No. 8:13-ap-1176

In the adversary proceeding, Plaintiffs' Complaint includes claims by Trustee Beth Ann Scharrer, and Trans Health Management, Inc. against Quintairos, Prieto, Wood & Boyer, P.A., Thomas A. Valdez, Kevin W. Richardson, Albert Ferrera, Fundamental Administrative Services, LLC and Christine Zack.

2

Case No. 8:14-CV-1377-T-17

The Complaint includes Plaintiff's claims relating to the Nunziata litigation:

| Count I | Legal Malpractice | Quintairos Defendants |
|---|---|---|
| Count II | Breach of Fiduciary Duty | Quintairos Defendants |
| Count III | Legal Malpractice | Zack |
| Count IV | Breach of Fiduciary Duty | FAS, Zack |

The Nunziata litigation includes a Complaint filed in Pinellas County Circuit Court December 23, 2005, based on claims of nursing home abuse, negligence and wrongful death against Trans Health Management, Inc., who was alleged to operate the nursing home where Elvira Nunziata was fatally injured. After the Quintairos Defendants withdrew, with permission of the Court, on January 10, 2011, Defendants did not obtain new counsel, and a default on liability was entered on March 2, 2011 as to Trans Health Management, Inc. A pretrial conference was scheduled for December 27, 2011 and a trial on damages was to commence the week of January 9, 2012. A jury verdict in the amount of $60 million in compensatory damages and $140 million in punitive damages was entered, and the Court entered a Final Judgment in the amount of $200 million against Trans Health Management, Inc. on January 11, 2012. A Notice of Appeal was filed by the nursing home, its parent company's receiver, receiver's counsel, and three other defendants.

On December 19, 2014, the Second District Court of Appeal entered its opinion reversing in part, quashing in part, and dismissing in part, holding:

1) the nursing home, as a dissolved corporation, was precluded from prosecuting an appeal;
2) non-judgment debtors lacked standing to appeal the final judgment;
3) the Circuit Court has no authority to enjoin nonparties from challenging in court anywhere in the country any aspect of the estate's entitlement to collect on the judgment;

Case No. 8:14-CV-1377-T-17

> 4) nonparties not named in the injunction had standing to seek review; and
>
> 5) evidence was insufficient to support estate's theory that nursing home's third-party claims administrator had acted to perpetrate a fraud on the court during discovery, such that crime-fraud exception to attorney-client privilege existed with respect to communications between nursing home's former counsel and third party administrator, or to support Circuit Court's order requiring in-camera review of the disputed documents.

Trans Health Management, Inc. et al. v. Richard Nunziata, etc., 2014 WL 7202711 (Dec. 19, 2014).

The effect of the ruling of the Second District Court of Appeal is that the Final Judgment of $200 million will stand as to Defendant Trans Health Management, Inc.

2) Case No. 8:12-CV-1854-T-MSS

The Court notes that Case No. 8:12-CV-1854-T-MSS, Beth Ann Scharrer, etc., et al. v. Fundamental Administrative Services, LLC, et al. is pending before Judge Scriven. The Complaint in that case was removed from Polk County Circuit Court, and is based on the claims of the Estate of Juanita Amelia Jackson for personal injury and wrongful death against Trans Health Management, Inc. and Trans Healthcare, Inc., owner and manager of the nursing home where Juanita Jackson was fatally injured. At the time the Jackson litigation was filed, Trans Healthcare, Inc. owned all the issued and outstanding capital stock of Trans Health Management, Inc. Fundamental Administrative Services, LLC, Zack and Anderson controlled the defense of the claims in the Jackson litigation The Complaint (Dkt. 2) includes the following:

| | | |
|---|---|---|
| Count I | Legal Malpractice | Quintairos Firm, Ferrera, Valdez, Richardson |
| Count II | Breach of Fiduciary Duty | Quintairos Firm, Ferrera, Valdez, Richardson |

Case No. 8:14-CV-1377-T-17

| Count III | Legal Malpractice | Chavez-Ruark, Grochal, Tydings Firm |
| Count VI | Breach of Fiduciary Duty | Chavez-Ruark, Grochal, Tydings Firm |
| Count V | Legal Malpractice | Zack and Anderson |
| Count VI | Breach of Fiduciary Duty | FAS, Zack, Anderson |

In the Response to Motion to Stay (Dkt. 94), Plaintiffs moved for referral to Bankruptcy Court. The Court directed the filing of an Amended Complaint as to the claim against Defendant Zack in April, 2014. (Dkt. 107). The Court stayed the case in April, 2014 pending resolution of related matters in Bankruptcy Court, except for the claim directed at Defendant Zack. (Dkt. 108). Plaintiffs did not file an Amended Complaint as to Defendant Zack. The Complaint was dismissed with prejudice as to Defendant Zack on August 27, 2014 (Dkt. 112) and otherwise remains stayed.

C. This Case

The Court has considered the arguments of counsel. The Bankruptcy Court determined that this case was a non-core proceeding on September 8, 2014. The Court notes a pre-trial conference was conducted on January 27, 2015, the Bankruptcy Court has ruled on pending motions to dismiss, and there is a motion for reconsideration pending. In light of the ongoing related matters in the Bankruptcy Court, the Court denies Defendants' Motion for Reconsideration. Accordingly, it is

**ORDERED** that Defendants' Motion for Reconsideration (Dkt. 9) is **denied**.

Case No. 8:14-CV-1377-T-17

DONE and ORDERED in Chambers, in Tampa, Florida on this 10th day of February, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record